IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02872–MSK–KMT

JOSEPH H. ZBEGNER,

     Plaintiffs,

v.

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, an Iowa corporation,

     Defendant.

## **ORDER**

     This matter is before the court on "Defendant's Motion to Quash Plaintiff's F.R.C.P. 30(b)(6) Deposition Notice and Request for a Protective Order" ("Motion") [Doc. No. 20 filed April 30, 2010]. The Plaintiff filed a Response on May 18, 2010 [Doc. No. 24] and the Defendant filed a Reply on May 28, 2010 [Doc. No. 28]. The matter came on for hearing on June 21, 2010.

     This dispute arises because of an email which was unquestionably sent from Plaintiff's counsel to Defendant's counsel requesting dates take the deposition of a Rule 30(b)(6) witness. Defendant's counsel was on vacation when the email arrived and it is undisputed that Defendant's counsel did not respond to the email until ten days after the email was originally sent. Defendant's counsel represented that he did not see or read the email when it was originally sent and he did not know of its existence until he received a Notice of Deposition

served by Plaintiff which mandated the deposition be taken on a date when Defendant's counsel was unavailable. Plaintiff's counsel, believing that the failure to respond to his request for dates for the deposition via the email was a dilatory tactic by the Defendant, refused to consider any alternate dates and this motion was the result.

The motion raised, in addition to a request to vacate the deposition on the date selected by Plaintiff, an argument that the deposition was premature in light of the pending motion before Judge Krieger[1] and that some of the deposition topics were overly broad. However, the parties did not provide this court with a copy of the Notice of Deposition nor a discussion or argument concerning the specific provisions subject to objection. Therefore, the court is unable to address or analyze Defendant's contentions in this regard.

The court advises the parties that appropriate and timely communications between counsel could very well have resolved the issues regarding the setting of the deposition and that failure to communicate has caused, and will likely continue to cause, a waste of the court's resources and counsel's time and increases the costs of litigation in violation of Fed. R. Civ. P. 1.

It is therefore **ORDERED**

"Defendant's Motion to Quash Plaintiff's F.R.C.P. 30(b)(6) Deposition Notice and Request for a Protective Order" [Doc. No. 20] is **GRANTED IN PART** and **DENIED IN PART**. The Fed. R. Civ. P. 30(b)(6) deposition will be scheduled forthwith and consistent with

---

[1] The parties have consented to the jurisdiction of a Magistrate Judge for all matters in the case. [Doc. Nos. 14 and 15.] To date, Judge Krieger has not acted upon this request and the case has not been drawn to a Magistrate Judge for resolution of the case.

the discovery schedule contained in the Scheduling Order. [Doc. No. 16.] Objections, if any, to the topics requested by Plaintiff shall be brought in compliance with D.C.COLO.LCivR 7.1 after meaningful conferral compliance with subsection (A) and shall include as an attachment the Notice of Deposition and list of topics proposed by the Plaintiff.

Dated this 21st day of June, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge