IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02872-BNB-KMT

JOSEPH H. ZBEGNER,

Plaintiff,

v.

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, an Iowa corporation,

Defendant.

## ORDER

I agree with the defendant ("Allied") that the plaintiff's claims stemming from an underinsured motorist insurance policy are not ripe for determination until the plaintiff either obtains a judgment against or enters into a good faith settlement with the underinsured tortfeasor. Accordingly, I dismiss the plaintiff's claims without prejudice.

I.

It is not disputed that the plaintiff was involved in a rear-end automobile collision in Boulder, Colorado, on June 15, 2007. The other driver, Jesse Hanson, is insured by Allstate Insurance Company ("Allstate") with policy limits of $25,000.

On June 10, 2009, the plaintiff submitted a claim to Allstate for damages resulting from personal injuries[1] in the amount of $720,000. Allstate responded on June 24, 2009, with an offer to settle the plaintiff's personal injury claim for $2,145.00. The plaintiff did not accept Allstate's offer.

---

[1] All State has paid the plaintiff $351.74 for property damage.

The plaintiff is insured by the defendant, Allied. His policy with Allied includes underinsured motorist ("UIM")[2] benefits in an amount not disclosed by the parties. The plaintiff made a claim to Allied for UIM benefits on August 13, 2009. On September 9, 2009, Allied denied the claim, stating:

> Based on the current information, and our current evaluation of that information, our value does not exceed the available per person policy limit of $25,000 afforded under the Allstate policy, which would be primary in this situation.
>
> We ask that you continue your negotiations with Allstate at this time since we do not see an exposure under the underinsured motorist portion of this policy. We will continue to keep our filed open and monitor negotiations with Allstate. If Allstate does tender its limits, please provide a copy of the proof of limits along with the proof of tender to us for our records. Since we have already waived our right of subrogation and provided consent to settle with the underlying carrier, we would not need that information again.

Plaintiff's Exhibit 3 [Doc. # 25-3] ("Exh. 3") at p. 2.

The plaintiff has not resolved his claim against Hanson by trial, settlement, or otherwise.[3] Scheduling Order [Doc. # 16, filed 3/9/2010] at p. 4.

II.

The plaintiff commenced this action on December 9, 2009, by filing a complaint [Doc. # 1] (the "Complaint") asserting three claims for relief against Allied: (1) breach of the Allied insurance policy; (2) bad faith in handling of the plaintiff's claim, including an unspecified

---

[2]The cases use the acronyms "UIM" when discussing underinsured motorists and "UM" when discussing uninsured motorists. The distinction between underinsured motorist coverage and uninsured motorist coverage is essential to my determination of this case. See pp. 5-6, infra.

[3]The reason the plaintiff has not resolved his claim against Hanson is not explained by the parties.

violation of the Colorado Unfair Claims-Deceptive Practices Act, section 10-3-1104(1)(h), C.R.S.; and (3) violation of section 10-3-1115, C.R.S., which prohibits an insurance company from unreasonably delaying or denying a claim.

Allied moves to dismiss the action for lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. In particular, Allied argues that there is no justiciable case or controversy because the plaintiff's claims are not ripe.

As the Tenth Circuit Court of Appeals has explained in Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995):

> Generally, Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency fo the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond the allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

(Internal citations omitted.)

Allied is making a factual attack on the court's subject matter jurisdiction. Consequently, I have considered undisputed facts recited in the Scheduling Order, as well as the statements and exhibits contained in or attached to the Plaintiff's Response Re: F.R.C.P. 12(b)(1) Motion to Dismiss [Doc. # 25].

3

III.

The purpose of underinsured motorist coverage is to make available to the public insurance coverage "to protect motorists from losses caused by other negligent drivers who cannot or will not pay for the damages they have caused." Borjas v. State Farm Mutual Automobile Ins. Co., 33 P.3d 1265, 1268 (Colo. App. 2001).

The Colorado Court of Appeals has held and it appears to be settled law:

> Once recovery is made from the tortfeasor, the insured may collect an additional amount necessary to compensate the insured for injuries sustained, up to his or her UIM [underinsured motorist] policy limits. In fact, until a recovery is made from the at-fault party, the actual amount of coverage to which an insured is entitled under an UIM policy cannot be known. Thus, an insurer may require judgment or settlement from the underinsured driver as a precondition to a claim for UIM benefits without diluting, conditioning, or unduly limiting statutorily mandated UIM coverage.

Freeman v. State Farm Mutual Automobile Ins. Co., 946 P.2d 584, 585-86 (Colo. App. 1997). Accord Cork v. Sentry Ins., 194 P.3d 422, 428 (Colo. App. 2008)(holding that "[u]ntil an insured recovers from the tortfeasor, the insurer cannot know the amount of UIM benefits potentially due to its insured" and "a bad faith claim for non-payment of UIM benefits cannot accrue until the insured has obtained a judgment against or . . . has settled with the underinsured driver"); Alarcon v. American Family Ins. Group, 2010 WL 2541131 *3 (D. Colo. June 18, 2010)(stating that until the insured recovers from the at-fault party "the insurer cannot calculate the benefit due to the insured, and, therefore, cannot pay the claim. Accordingly, a bad faith breach of insurance contract claim for delay in payment or denial of a demand cannot accrue until the insured has resolved his or her claim against the at-fault party").

It is true that an insured need not recover by judgment or settlement the full amount of

the tortfeasor's insurance. In State Farm Mutual Ins. Co. v. Tye, 931 P.2d 540, 543 (Colo. App. 1996), the Colorado Court of Appeals held:

> [A]n injured person covered by an underinsured motorist policy who settles (with the acquiescence of the underinsured motorist carrier) in good faith with a tortfeasor or liability carrier for less than the tortfeasor's policy limits, and who is eligible for underinsured motorist benefits, is entitled to compensation in an amount not exceeding the difference between the amount paid to the insured by or on behalf of the tortfeasor and the limits of underinsured motorist coverage.

Colorado courts have made clear, however, that a settlement for less than the tortfeasor's policy limits must be made in good faith before an insured may thereafter pursue UIM benefits. Id.; Freeman, 946 P.2d at 586; see Gosman v. State Farm Mutual Automobile Ins. Co., 2008 WL 239571 *4 (D. Colo. 2008).

The plaintiff's reliance on Borjas v. State Farm, 33 P.3d 1265, in support of his argument that "all plaintiff in this case has to do [is] file a complaint pleading that Hanson was at fault, and also pleading the extent of the damages caused," Plaintiff's Response [Doc. # 25] at ¶25, is misplaced. The Colorado Court of Appeals in Borjas was confronted with an uninsured motorist, not an underinsured motorist, as here. In that context, the Colorado court stated that an insured could pursue a claim for uninsured motorist coverage if he was "able to establish that the fault of the uninsured motorist gave rise to damages and the extent of those damages." Borjas v. State Farm, 33 P.3d at 1269. In subsequent decisions, however, including Cork v. Sentry Ins., 194 P.3d at 428, the Colorado Court of Appeals has imposed the additional obligation in

underinsured motorist cases, that no UIM claim may be pursued "[u]ntil an insured recovers from the tortfeasor" by judgment or a settlement entered into in good faith.

The distinction between uninsured motorist claims and underinsured motorist claims makes sense. In the uninsured setting, there is no alternative insurance source from which a recovery may be obtained, so requiring resolution of the claim against the tortfeasor in that setting prior to pursuing UM coverage has been held to be unnecessary. In the underinsured motorist setting, by contrast, there is an identified alternative insurance policy which bears the primary obligation to compensate the injured party. Only after (and if) that alternative source has been proven to be inadequate, the Colorado courts have held, is the injured party allowed to pursue his UIM insurer.

The plaintiff has failed to resolve his claim against Hanson, the tortfeasor. Under established Colorado law, the plaintiff's claim against Allied for UIM benefits is premature and may not be pursued until the claim against the tortfeasor is reduced to a judgment or is settled. Cork 194 P.3d at 428; Freeman 946 P.2d at 585-86.

IV.

The Colorado courts have held that a claim may not be asserted against an underinsured motorist policy until the claim against the tortfeasor has been resolved because until a judgment is entered against or a settlement is reached with the tortfeasor "the actual amount of coverage to which an insured is entitled under an UIM policy cannot be known." Freeman, 946 P.2d at 585-86. I agree with Allied that this raises an issue of ripeness.

In New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495 (10th Cir. 1995), the Tenth Circuit Court of Appeals held:

> In order for a claim to be justiciable under Article III, it must be shown to be a ripe controversy. Ripeness is peculiarly a question of timing intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. In short, the doctrine or ripeness is intended to forestall judicial determinations of disputes until the controversy is presented in clean-cut and concrete form.

Id. at 1499 (internal quotations and citations omitted). In addition:

> As a general rule, determinations of ripeness are guided by a two-factor test, requiring [courts] to evaluate both the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration. In determining whether an issue is fit for judicial review, the central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.

Id. (internal quotations and citations omitted).

I find that the plaintiff's underinsured motorist claim against Allied is not in a clean-cut and concrete form and is not fit for judicial resolution. Currently, the claim against Hanson has not been asserted and there has been no determination of substantial liability which may exceed Hanson's $25,000 insurance policy with Allstate. In addition, there is no good faith settlement of the plaintiff's claim with Hanson establishing substantial liability and from which one might determine that settling for an amount less than Hanson's liability insurance limits resulted in a better result than continuing to pursue the claim through litigation. State Farm Mutual Automobile Ins. Co. v. Bencomo, 873 P.2d 47, 49 (Colo. App. 1994)(stating that a UIM claim may be pursued after settlement with the tortfeasor for less than policy limits because a settlement can result in a greater recovery to the injured party than continued litigation). Whether, and how much, the plaintiff may recover from Allstate is completely contingent at this time; a recovery against Allstate and its amount are future events that may not occur as

7

anticipated or may not occur at all; and the actual amount of coverage to which the plaintiff may be entitled under his Allied underinsured motorist policy cannot be known until the claim against the tortfeasor is resolved.

In addition, the plaintiff has alleged no undue hardship as a result of a withholding of judicial consideration of the underinsured motorist claim until the claim against the tortfeasor is resolved, and I perceive none. So far as I am aware, nothing has precluded the plaintiff from pursuing the claim against the tortfeasor. As the Colorado appellate court noted in Freeman, 946 P.2d at 586, "underinsured motorist coverage is excess coverage, 'not an alternative to liability coverage [or] some optional protection which an injured party can choose in lieu of asserting a claim against an [insured] tortfeasor.'" (Quoting Employers Mutual Cos. v. Nordstrom, 495 N.W.2d 855, 856 (Minn. 1993).)

Accordingly, I find that the plaintiff's claim against Allied is not ripe for determination and must be dismissed without prejudice pending a resolution of the plaintiff's claim against the tortfeasor.

V.

IT IS ORDERED that **Defendant's Motion to Dismiss Plaintiff's First, Second and Third Claims for Relief** [Doc. # 21] is GRANTED. The plaintiff's Complaint and this action are DISMISSED WITHOUT PREJUDICE.

Dated August 18, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge